IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| MARK ANTHONY JOHNSON, #862209 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-03-425 |
| | § | |
| DOUG DRETKE, DIRECTOR | § | |
| OF TDCJ-CID | § | |

## REPORT AND RECOMMENDATION

Before the Court is the "Petition for a Writ of Habeas Corpus by a Person in State Custody" filed by Mark Anthony Johnson, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent has filed an Answer seeking dismissal of the Petition as time-barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA").

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 10th District Court of Galveston County, Texas on December 1, 1998. Petitioner was convicted for possession of cocaine with two enhancements and sentenced to twenty-five years imprisonment in the TDCJ-CID. Petitioner filed an untimely notice of appeal twenty-nine days after sentencing on February 8, 1999. *Ex parte Johnson*, No. 42,211-01 at 11. Petitioner also filed five habeas petitions in state court pursuant to Article 11.07 of the Texas Code of Criminal Procedure that pose unusual procedural issues relevant to calculating the limitations period of the AEDPA. Since the State relies on four of the state writs to argue its case, the Court outlines the

1

sequence of filings in detail.

Petitioner's appellate attorney filed the first habeas petition on April 28, 1999, seeking permission to file an out-of-time appeal. *Ex parte Johnson*, No. 42,211-01. The trial court recommended that habeas relief be granted, but the Court of Criminal Appeals ("CCA") dismissed the petition on February 16, 2000, for lack of jurisdiction. A dismissal means the court did not consider the merits of the petition. *Ex parte Golden*, 991 S.W.2d 859 (Tex. Crim. App. - 1999).

The second state habeas petition was filed on August 6, 1999, before the earlier petition had been set for submission by the CCA. This petition asserted claims of ineffective assistance of counsel and was eventually denied without written order on September 29, 1999. No. 42,211-02.

The third petition was filed on August 31, 1999, and it was denied without written order on October 27, 1999. No. 42,211-03. This petition raised claims related to an earlier conviction and is not relevant to the case at hand. No. 42,211-03.

The fourth petition was filed on April 5, 2000, and it was granted on November 8, 2000. No. 42, 211-04. On that date, the CCA granted Petitioner the right to file an out-of-time appeal on his conviction. Petitioner subsequently filed a Notice of Appeal on December 12, 2000. The appellate court upheld his conviction on June 13, 2002. The State has provided an affidavit from the Clerk of the CCA stating that Petitioner did not file a Petition for Discretionary Review ("PDR"). Answer at Ex. A.

A fifth habeas petition was filed on March 10, 2003. It was dismissed as a successive petition on May 21, 2003. No. 42,211-05. This petition alleged that the State's witness perjured himself during a pre-trial hearing. The instant federal petition was filed on June 11, 2003.

The AEDPA requires a prisoner to file his federal habeas petition within one year of the date

on which his judgment became final by the conclusion of direct review or the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The State correctly asserts that the time for seeking direct review of the conviction expired on December 31, 1998, although it appears to include that date in calculating the limitations period. The Fifth Circuit has held that Fed.R.Civ.P. 6(a) applies to the AEDPA. *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). The Rule clearly states that "the day of the act, event, or default from which the designated period of time begins to run shall not be included." The limitations period thus expired on December 31, 1999.

The AEPDA allows the limitations period to be tolled while a properly-filed state habeas writ is pending. 28 U.S.C. § 2244(d)(2). "Properly-filed" is interpreted narrowly to mean that the state writ complied with all the state's procedural requirements. *Lookingbill v. Cockrell*, 293 F.3d 256, 260 (5th Cir. 2002). The State claims that the statutory period was initially tolled when Petitioner filed his first state writ No. 42,211-01 on April 28, 1999. This argument is without merit. The State overlooks the fact that Petitioner's first state writ was improperly filed. The CCA determined that it had no jurisdiction to consider the Article 11.07 writ because it was filed before Petitioner's felony conviction became final.

Texas' habeas statute provides: "*After final conviction* in any felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas." Texas Code of Criminal Procedure, Art. 11.07 § 3(a) (emphasis added). As noted above, Petitioner filed a notice of appeal twenty-nine days after his conviction. The CCA stated that a direct appeal is final in Texas only when the court of appeals issues a mandate, which in this case occurred on July 23, 1999. *See* CCA Opinion attached to No. 42,211-01. Thus, the CCA itself determined that Petitioner's state writ No. 42,211-01 was not properly filed under state law, and it did not toll the limitations period.

It was only the second writ No. 42,211-02 that tolled the limitations period from its filing on August 6, 1999, to its denial on September 29, 1999. This petition was filed after the appellate court issued its mandate and Petitioner's initial attempt to appeal his conviction became final. By August 6, 1999, Petitioner had used up 218 of his 365 days, leaving only 147 in which to file his federal writ.

The limitations period began again on September 30, 1999, the day after the CCA denied No. 42,211-02. Petitioner's third writ, however, did not toll the AEDPA period because it concerned an unrelated 1993 conviction, not the one at issue in this case. The 147 days Petitioner had remaining to file his federal writ therefore expired on February 23, 2000. He did not file the next state writ concerning the conviction challenged in this case until April 5, 2000, after the limitations period had already expired. The fourth writ resulted in the reinstatement of Petitioner's right to a direct appeal on his conviction. However, this did not restart the AEDPA's limitations period anew when Petitioner's direct review was completed. The Fifth Circuit has held that when the CCA grants the right to file an out-of-time PDR, the limitations period is tolled until the conclusion of the direct review provided by Texas law. "[I]t does not require a federal court to restart the running of AEDPA's limitations period altogether." *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004). The same would be true here, where Petitioner was granted an out-of-time appeal. *Id*. at 431 n.7 (citing *Ashorn v. Texas*, 77 S.W.3d 405, 409 (Tex. App. - Houston [1st Dist.] 2002, pet. ref'd)) (opinion on motion for reh'g).

The AEDPA's limitations period, however, is not jurisdictional and is subject to equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). It must not be applied with undue harshness. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Equitable tolling is available only under "rare and exceptional circumstances" and ordinarily applies where the State has misled a prisoner about his rights. *Davis*, 158 F.3d at 811. Although the State has raised the equitable tolling

issue, Petitioner has not argued in his Response that he is entitled to it. Nor has he raised any issues that would suggest it should be applied in this case.

The first state habeas writ was filed by an attorney in violation of Texas' habeas statute. It may be that Petitioner believed that the filing of No. 42,211-01 on April 28, 1999 tolled the AEDPA's limitations period. If so, he would not have learned until February 16, 2000, that the CCA had rejected it as improperly-filed. Even so, this does not warrant equitable tolling. "Mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002); *see also Lookingbill*, 293 F.3d at 264.

When Petitioner received the CCA's dismissal of No. 42,211-01, he should have realized that the limitations period had only been tolled when he filed his second state writ on August 6, 1999. Since that writ had already been decided by the time No. 42,211-01 was dismissed, Petitioner should have realized that the limitations period began again when the second writ was denied and that it was about to expire. Instead of taking any action to file his federal writ, Petitioner continued to pursue his state remedies by filing a fourth state writ on April 5, 2000 and then a fifth on March 10, 2003. *Pro se* status or ignorance of the law is no excuse, and equitable tolling is not designed for those who sleep on their rights. *Fisher*, 174 F.3d at 713 n.11. Consequently, equitable tolling is not available under these facts.

In spite of the State's failure to properly analyze the record in this case, the Court finds that the instant petition is time-barred by the AEDPA's one-year statute of limitations. The Court therefore **RECOMMENDS** that Petitioner's Writ of Habeas Corpus (Instrument No. 1) be **DISMISSED**.

The Clerk shall send copies of this Report and Recommendation to the Petitioner.

Petitioner shall have until **June 12, 2005**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.  <u>The Objections shall be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553</u>.  **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration.   Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

       **DONE** at Galveston, Texas, this _____24th_____ day of May, 2005.

                                                  John R. Froeschner
                                                  United States Magistrate Judge